ALBERT S. ATKINS *vs.* BARNEY T. WITHERELL.

Hampshire.    Sept. 21. — Oct. 22, 1886.    DEVENS & W. ALLEN, JJ.,
absent.

On a complaint, under the mill act, brought by A. against B., the Superior Court
determined that B. maintained his dam higher than he had a right to maintain
it in that part of the year between April 12 and November 1.  After this adjudica-
tion, the jury found that the height of the dam between April 12 and Novem-
ber 1 should be established at its height as viewed on October 16, 1883, and that
it should be left open a space of not less than ten feet in width ; and fixed the
past damages, and determined what would be proper compensation for future
damages.  B. paid both sums.  A. afterwards brought an action against B. for
maintaining his dam higher than he had a right to maintain it.  The judge ruled,
" that the former finding of the court and jury should be construed to mean that
the defendant was not required to alter his dam as to height from what it was
on October 16, 1883 ; and that the former jury had a right to fix the height as
they did fix it, although the finding of the court, that it was higher than the
defendant had a right to have it, had been made."  *Held*, that A. had no ground
of exception.

TORT.  The declaration alleged that the defendant was the
owner of a mill and dam on a certain stream below the land of
the plaintiff; that the defendant had the right to keep his dam
at a certain height during a portion of the year, which right
had been determined by the Superior Court; and that the de-
fendant had not complied with the order of the court, but had
kept and maintained the dam at a greater height, and for a
longer time, than by law and by the order of the court he had
a right to do.

Trial in the Superior Court, before *Staples*, J., who allowed
a bill of exceptions, in substance as follows:

In 1880, upon a complaint under the mill act, by the present
plaintiff against the present defendant, the Superior Court found

that the defendant had maintained his dam higher than he had a right to maintain the same in that part of the year between April 12 and November 1, and that he had not so maintained it during the rest of the year. On October 19, 1883, the jury who heard the complaint rendered the following verdict:

"Upon the complaint of Albert S. Atkins, the jury assess the amount of damages sustained by the complainant Atkins, within three years next preceding the institution of the complaint, and to the time of rendering the verdict, in the sum of one hundred dollars and no cents.

"The jury find and decide that the dam, between the twelfth day of April and the first day of November next after, shall be established at its height as viewed October 16, 1883, and that it shall be left open a space of not less than ten feet in width.

"The jury find and determine that ten dollars, to be paid annually to the complainant, would be a just and reasonable compensation for the damages that may be thereafter occasioned by the dam so long as it is used in conformity with the verdict, and that one hundred dollars in gross would be a just and reasonable compensation for all damages thereafter to be occasioned by such use of the dam, and for the right of maintaining and using the same forever in manner aforesaid."

Immediately after the verdict, the plaintiff elected to take the gross sum assessed by the jury for future damages, and it was paid to him by the defendant.

The present action was brought for the maintaining of the dam during the summer of 1884 at a height alleged to be too great.

The dam in question was constructed, seven years ago, in the following manner: Timbers were placed across the stream at intervals, on which two lengths of planks were placed to make the dam, so as to reach from the top of the dam to the bottom of the stream, the bottom of the dam being several feet farther up stream than the top. The dam was about seventy-five feet long. A former dam, situated at the same place, had been opened in summer by taking up a few planks from the top to the bottom of the dam, thereby drawing off the entire pond. The present dam was arranged to draw down the pond in summer about four

feet, by taking out some of the top length of planks only, leaving all the lower length of planks in place. Since the present dam was built, until the verdict of the jury, it was each summer drawn down by taking up enough of the top length of planks to make a space between eight and nine feet wide, and thus to draw down the pond about four feet, leaving the pond partly full. With the height of water so retained, some light work in sawing had been occasionally done in summer. That was so during the time covered by the judge's findings. The dam was in that condition, and there was that height of water when viewed by the jury.

Since the verdict, it has, during the summer, been open in the same way and to the same height, except that the opening has been ten feet wide since that time, instead of between eight and nine feet, as before. If both lengths of plank were taken out for a space of ten feet in width, thus opening the dam to the bottom of the stream ten feet wide, as the plaintiff contended it should be, it would leave no pond whatever, and would do the plaintiff no damage.

It was admitted that the plaintiff was not entitled to recover unless the defendant was required by said finding and verdict to keep his dam open in summer ten feet wide for its whole height.

It was contended by the plaintiff, that the said findings should be construed by the court to mean that the dam should be left open for the space of ten feet, its whole height, during the summer, and that, the court having found at a former trial that the defendant had maintained the dam higher in the summer than he had a right to do, the jury could not say that the defendant might maintain it at that height.

It was agreed that the defendant had maintained the dam in the summer since the verdict of the jury, and for five years before, at the same height as the jury saw it on their view, October 16, 1883.

The judge ruled " that the former finding of the court and jury should be construed to mean that the defendant was not required to alter his dam as to height from what it was on October 16, 1883; and that the former jury had a right to fix the height as they did fix it, although the finding of the court, that

it was higher than the defendant had a right to have it, had been made."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*H. W. Ely & C. F. Ely*, for the plaintiff.

*W. G. Bassett*, for the defendant.

GARDNER, J.    The Superior Court determined, in 1880, that the present defendant maintained his dam higher than he had a right to maintain it in that part of the year between April 12 and November 1.    It is evident that this adjudication did not go to the full extent of absolutely prohibiting the respondent from keeping his dam up during the summer months.    It did not fix any height at which he might keep his dam, nor did it award compensation to the complainant.    Adjudicating that the dam was maintained during the summer months higher than he had a right to maintain it, was in effect saying that it was maintained higher than the respondent had a right to maintain it without compensation.

Under this complaint, in 1883, the jury established and regulated the summer height of the dam.    By their verdict, the jury found and decided " that the height of the dam, between the twelfth day of April and the first day of November next after, shall be established at its height as viewed October 16, 1883, and that it shall be left open a space of not less than ten feet in width."    The jury also fixed and determined the amount which should be paid annually to the complainant, as "just and reasonable compensation for the damages" occasioned by the dam, so long as it is used in conformity with the verdict. They also fixed a sum in gross which would be a just and reasonable compensation for all damages occasioned by such use of the dam, "and for the right of maintaining and using the same forever in manner aforesaid."    After the verdict, the complainant elected to take the gross sum assessed by the jury for future damages, and it was paid him by the respondent.

At the trial of the present action, it became material to determine what construction should be put upon this verdict.    The plaintiff contends that the verdict must be construed to mean that the dam shall be kept open for the free passage of the stream during the summer months; that during those months

the water should flow unobstructed, and that the dam should be left open for a space of ten feet throughout its whole height. This construction is clearly inconsistent with the verdict. If the dam was lowered so that the water would flow unobstructed in its natural channel, it is difficult to see how the plaintiff was injured, and for what he was entitled to compensation for future damages. The jury determined that, during the summer months, the dam was to be established at the height which the jury found it to be on October 16, 1883 ; and that the opening of the dam above this height was to be ten feet wide. It does not mean that this opening of ten feet wide was to extend from the top of the dam to its bottom, so that the water would flow in its natural channel, without obstruction. The jury, under the Pub. Sts. *c.* 190, §§ 3, 17, had the right to establish and regulate by their verdict the height at which the dam might be maintained during the summer months. *Brady* v. *Blackinton*, 113 Mass. 238. This verdict was obtained by the plaintiff in the present action, and acquiesced in by him. He received the money which the jury awarded him as full compensation in gross. Without determining whether the plaintiff " is estopped, as against the defendant, to deny that that for which he took his money was rightly adjudicated," we think that the construction put upon the verdict by the Superior Court was correct.                    *Exceptions overruled.*